UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES RICARD AND<br>  RICARD'S PAPER AND CHEMICAL CO, INC. | CIVIL ACTION |
| VERSUS | NO.  10-684 |
| MARKEL INSURANCE COMPANY<br>  AND EVANSTON INSURANCE COMPANY | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is a Motion to Remand filed by Plaintiffs, Charles Ricard and Ricard's Paper and Chemical Co, Inc. (Rec. Doc. 7). Considering the memoranda filed by the parties and the applicable law, **IT IS ORDERED** that the motion is **DENIED**.

## Law and Analysis

Defendants removed this action to federal court on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  Urging that the amount in controversy is less than that required by §1332, Plaintiffs seek remand to state court.

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.  *See* 28 U.S.C. § 1441(a).  In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.

1

*See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Diversity of citizenship subject matter jurisdiction requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Under Fifth Circuit jurisprudence, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a specific damage figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1939)). The same is true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

In the instant case, however, Plaintiffs filed their action in Louisiana state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. *See* La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Manguno,* 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id.* The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v.*

*Walmart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

If the defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. *See De Aguilar,* 47 F.3d at 1411-1412.  To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints." *De Aguilar*, 47 F.3d at 1412 (emphasis added).  Regarding this requirement, the Fifth Circuit has explained:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations.  Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily.  Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id.* at 1412 n. 10.

In Louisiana state courts, plaintiffs are not limited to the damage amount requested in their pleadings. *See* La. Code Civ. Proc. art. 862.  Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La. 2006) (Vance, J.); *Crosby v. Lassen Canyon Nursery, Inc.,* Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La. 2003) (Vance, J.).[1]

---

[1] In *Engstrom v. L-3 Communications Government Services, Inc.*, Civil Action No. 04-2971, 2004 WL 2984329, *4 (E.D. La. 2004), this Court granted the plaintiff's motion to remand where the petition contained a paragraph in which each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74,999."  The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law, and, as a matter of

3

Post-removal affidavits or stipulations may be considered in support of remand only under limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy as of the date of removal. *See Gebbia*, 233 F.3d at 883; *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.,* No. 06-7624, 2007 WL 97062, *2 (E.D. La. 2007) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La. 2005) (Engelhardt, J.). If the amount in controversy, however, is clear from the face of the complaint, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia,* 233 F.3d at 883.

Here, Defendants have met their burden for removal by proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Specifically, Defendants point to a damage estimate submitted by Plaintiffs totaling $183,052.89. *See* Exhibit I to Notice of Removal (Rec. Doc. 1-9). Not inconsistently with that estimate, Plaintiffs' petition alleges "substantial damage" to immovable property and personal property, and that certain property was destroyed. *See* Petition, ¶¶ XIX, XXVI-XXVII (Rec. Doc. 1-1). Furthermore, Plaintiffs seek to recover damages for loss of personal property, property value, loss of use, loss of income, loss of profits, mental anguish and inconvenience, and loss of enjoyment of life, as well as attorney's fees, for breach of the insurance contract. *Id.* at ¶ XXXI. Finally, Plaintiffs seek recovery under former Louisiana

---

law, prevented the plaintiffs from recovering more than the jurisdictional amount. *Id.*

Revised Statutes 22:658 and 22:1220, along with damages under Louisiana Civil Code article 2315 for "negligent and/or intentional impairment of a civil claim." *Id.* at XXXII-XLVII.

In response, Plaintiffs have not made a contradictory showing sufficient to defeat removal. Their state court petition does not contain a binding stipulation regarding damages.[2] Further, though Plaintiffs state in their petition that the amount in controversy "does not exceed the sum of $74,999", *see* Petition at ¶¶ XIX, XXVI-XXVII (Rec. Doc. 1-1)[3], this unsupported statement alone is not enough to defeat removal.[4] Rather, on the showing made, Plaintiffs' damage claims could, if awarded, exceed $75,000. Accordingly, Plaintiffs are not entitled to a remand to state court.

New Orleans, Louisiana, this 22nd day of March 2011.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2] The memorandum submitted by Plaintiffs in support of the motion to remand states that "plaintiffs have stipulated that damages do not meet the jurisdictional amount." *See* Rec. Doc. 7-1 at p. 3. No stipulation, however, is attached to the motion or supporting memorandum. Nor is the Court aware that a stipulation has otherwise been made part of the record of this action.

[3] Although prohibiting the inclusion of a "specific monetary amount of damages" in the petition, Article 893 allows, among other things, a general allegation that the damages at issue are insufficient to provide federal court diversity jurisdiction. *See* La. Code Civ. Proc. art. 893 (A)(1).

[4] *See, e.g., Mullet v. State Farm Fire & Cas.* Co., No. 06-10006, 2008 WL 2002281, *3 (E.D. La. 2008) (Engelhardt, J.); *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, *2 (M.D. La. 2007); *Davis v. State Farm Fire & Cas. Co.*, No. 06-0560, 2006 WL 1581272, *3-4 (E.D. La. 2006) (Vance, J.).