## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

CHARLES RICARD AND                                    CIVIL ACTION
  RICARD'S PAPER AND CHEMICAL CO, INC.

VERSUS                                                NO.  10-684

MARKEL INSURANCE COMPANY                              SECTION "N" (1)
  AND EVANSTON INSURANCE COMPANY

### ORDER AND REASONS

Presently before the Court are:  (1) the "Motion for Summary Judgment (Res Judicata) and to Enjoin Plaintiffs from Seeking Further Relief" filed by Defendant Markel Insurance Company;  and (2) the "Motion for Summary Judgment (Prescription) and to Enjoin Plaintiffs from Seeking Further Relief" filed by Evanston Insurance Company.  *See* Rec. Docs. 19 and 20.   As stated herein, **IT IS ORDERED** that, on the showings made, these motions are **GRANTED IN PART** and **DENIED IN PART**.  **IT IS FURTHER ORDERED** that Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

This suit involves claims by Plaintiffs Charles Ricard and Ricard's Paper & Chemical Co., Inc., against Defendants Markel Insurance Company and Evanston Insurance Company, pursuant to a commercial property insurance policy, for property damages that Plaintiffs allege occurred as a result of Hurricane Katrina.  Defendant Markel maintains that, in a related action, the

1

Court previously found Plaintiffs' claims against it, relative to the insurance policy at issue, to have prescribed under Louisiana law.[1]  *See Ricard, et al., v. Essex Ins. Co., et al.*, Civil Action No. 09-2499 (E.D. La.)(Rec. Docs. 16, 17, and 20).  Thus, Markel requests dismissal of Plaintiffs's claims, pursuant to Federal Rule of Civil Procedure 56, on the basis of res judicata.  Defendant Evanston similarly urges that Plaintiffs' claims against it are prescribed and should be dismissed.

Having carefully considered the law, the parties' submissions, the remainder of the record in this matter, and the record in Civil Action No. 09-2499, the Court finds Defendants' motions to have merit for essentially the reasons stated in their original and reply memoranda (Rec. Docs. 19-1, 20-1, 29, and 31).  As Markel urges, Plaintiffs' claims against it, including the contention that their counsel was "lulled to believe that they were negotiating with the proper party" in attempting to resolve their claims, was asserted in Civil Action No. 09-2499.[2]  And, significantly, Plaintiffs and Defendant Markel undisputedly were parties to Civil Action No. 09-2499, in which this Court, one of competent jurisdiction, rendered final judgment against Plaintiffs in Markel's favor.

Finally, as Defendant Evanston contends, Plaintiffs have not borne their burden of demonstrating that their claims, though apparently prescribed on the face of the petition, are rendered timely by the doctrine of *contra non valentum*, or any other basis for interrupting or

---

[1]     Defendant Markel also contends, and Plaintiffs do not disagree, that it is not the insurer of the policy under which Plaintiffs seek recovery.

[2]     *See* Petition (Rec. Doc. 1-1, ¶¶XVII and XLVII);  Plaintiffs' Memorandum in Support of Motion to Amend Judgment or, in the alternative, Relief from Judgment or Order (Civil Action No. 09-2500, Rec. Doc. 18-1) at pp. 11-12.  The Court additionally notes that, in that same memorandum, Plaintiffs describe their failure to name the proper defendant insurer, Evanston, as the result of "simple, inadvertent error " and "simple oversight" of counsel.  *Id.* at pp.5 and 13.

suspending liberative prescription.  Accordingly, the Court grants Defendants' motions to the extent

that they seek dismissal of Plaintiffs' claims.[3]

New Orleans, Louisiana, this 25th day of October 2011.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[3]      At present, the Court declines Defendants' request  to enjoin these plaintiffs or their counsel relative to the claims addressed herein.  Nevertheless, as Judge Feldman did in *Tureaud v. Markel Ins. Co.*, Civil Action No., 09-2486, 2009 WL 2447844 (E.D. La. Aug. 5, 2009), the Court reminds Plaintiffs' counsel of the professional obligations imposed by Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. §1927, and the Local Rules of this Court, and that failure to abide by those obligations could result in the imposition of sanctions.  Indeed, the Court is mindful that, in addition to having rendered judgment in the related *Ricard* action, Civil Action No. 09-2499, the undersigned also has rendered a judgment of dismissal in another matter handled by lead counsel for Plaintiffs, under similar circumstances, in favor of Essex Insurance Company.  *See Smith, et al., v. Essex Insurance Company, et al.*, Civil Action No. 09-2500 (E.D. La., March 25, 2010) (Engelhardt, J).

3